THE ALPHAS COMPANY, INC. *vs*. THOMAS KILDUFF & another.[1]

No. 07-P-157

Suffolk. January 10, 2008. - June 20, 2008.

Present: GELINAS, GREEN, & KATZMANN, JJ.

*Practice, Civil,* Discovery. *Contract,* Performance and breach. *Abuse of Process.*

In a civil action for breach of contract and various tort and statutory claims stemming from the plaintiff's purchase of fruit from the defendant corporation, the judge erred in granting summary judgment in favor of the defendant on the contract-based claims of the complaint without first allowing the plaintiff's request to conduct additional discovery, where the plaintiff made a clear showing that it satisfied all five conditions for obtaining relief under Mass.R.Civ.P. 56(f) — timeliness of the request; authoritativeness of the affidavit accompanying the request, which was based on the affiant's firsthand knowledge of the obstacles to conducting discovery; good cause for the plaintiff's inability to complete discovery before the entry of summary judgment; materiality of the facts that the plaintiff sought to discover; and utility, or likely availability, of the information sought. [108-113]

In a civil action, the factual underpinnings of the tort and statutory claims of the complaint were far too speculative to meet even the minimal threshold to warrant further discovery sought by the plaintiff under Mass.R.Civ.P. 56(f); accordingly, the judge properly granted summary judgment in favor of the individual defendant, and in favor of the corporate defendant on the counts not directly related to its alleged breach of contract. [114]

This court saw no reason to extend a cause of action for abuse of process to the discovery practices complained of in a civil action, where, as a matter of policy, curtailing discovery activities geared toward relevant information would be inconsistent with the spirit of Mass.R.Civ.P. 26(b)(1). [114-116]

In a civil action, the corporate defendant's vague assertions of damages under G. L. c. 93A did not rise to the level of specific facts required to defeat summary judgment. [116]

CIVIL ACTION commenced in the Superior Court Department on November 6, 2003.

The case was heard by *Ernest B. Murphy*, J., on motions for summary judgment.

---

[1]Tom Lange Company, Inc.

*Christopher M. Morrison* for the plaintiff.

*Marc C. Laredo* for Thomas Kilduff.

*Valerie S. Carter* for Tom Lange Co., Inc.

KATZMANN, J. In this appeal, we consider the factors that entitle a party opposing summary judgment to a continuance for discovery. The plaintiff, The Alphas Company, Inc. (Alphas), appeals from the entry of summary judgment in favor of the defendants, Thomas Kilduff and Tom Lange Company, Inc. (Lange), on Alphas's claim for breach of contract and various tort and statutory claims stemming from Alphas's purchase of fruit from Lange. Alphas complains that the Superior Court judge abused his discretion in denying Alphas's request to conduct discovery, pursuant to Mass.R.Civ.P. 56(f), 365 Mass. 825 (1974), prior to ruling on the defendants' summary judgment motions. Lange cross-appeals from summary judgment in Alphas's favor on Lange's counterclaim for abuse of process. We determine that Alphas should have been permitted discovery in connection with its breach of contract and related claims. In all other respects, we affirm the judgments.

*Background.* We summarize the facts from the summary judgment record. In May, 2001, Alphas purchased a fruit distribution company, Boston Citrus, Inc. (Boston Citrus), from Steven Abbate. Abbate became an Alphas employee, along with another former Boston Citrus employee, Joseph Sevelitte. Prior to the purchase, Lange had supplied most of Boston Citrus's fruit, and Boston Citrus was indebted to Lange for a considerable sum. By the time Alphas purchased Boston Citrus, Lange had taken over control and management of Boston Citrus, under the supervision of the defendant Thomas Kilduff, Lange's vice president of sales for its Boston office. Alphas continued to purchase most of its fruit from Lange.

In 2002, Alphas came to believe that Abbate and Sevelitte were stealing inventory. Alphas filed complaints against both.[2] Discovery followed, including the depositions of Abbate and Kilduff and subpoenas to three of Lange's suppliers. Ultimately, Abbate and Sevelitte paid Alphas to settle the litigation.

---

[2]See Alphas Company, Inc. *vs.* Abbate, Suffolk Superior Court, No. 2002-2576 (May 14, 2004); Alphas Company, Inc. *vs.* Sevelitte, Suffolk Superior Court, No. 2002-1327 (May 14, 2004).

At some point in 2002, Alphas began to suspect that Lange was overcharging for fruit. According to Alphas, Kilduff had agreed to sell fruit to Alphas at twenty-five cents per package over Lange's cost; the defendants deny any such agreement. Alphas also suspected, as a result of discovery in the lawsuit against Abbate, that Kilduff was collecting cash payments from Abbate and engaging in other financial schemes, at Alphas's expense.

In November, 2003, Alphas filed the complaint in the instant case against Lange and Kilduff. Alphas asserted counts against Lange for breach of contract and breach of the implied covenant of good faith and fair dealing. Against both Kilduff and Lange, Alphas asserted counts for deceit, civil conspiracy, interference with business relations, conversion, and violations of G. L. c. 93A, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1341 & 1346 (2000). Along with the complaint, Alphas served Lange with a request for production of documents. Lange moved for a protective order with regard to certain categories of the document request, and filed an answer and counterclaim for abuse of process and violation of G. L. c. 93A.

The Superior Court docket omits mention of several subsequent filings and their disposition that are critical to this appeal. The parties have stipulated to the existence and content of certain orders entered orally by the judge that were not entered on the Superior Court docket. Among other things, the parties have stipulated that on February 11, 2004, at a hearing on Lange's motion for a protective order, a Superior Court judge ordered all discovery barred, except for the deposition of Alphas by the defendants.

Kilduff and Lange filed motions for summary judgment on or about June 3, 2004, though Lange's motion was not recorded on the Superior Court docket. Alphas opposed the motions and sought additional discovery pursuant to Mass.R.Civ.P. 56(f).[3] According to the parties' stipulation, on October 12, 2004, in

---

[3]Rule 56(f) of the Massachusetts Rules of Civil Procedure provides: "Should it appear from the affidavits of a party opposing the motion [for summary judgment] that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may

response to the defendants' motion for clarification, the judge allowed Alphas and Lange a document request for invoices. The parties have also stipulated that Lange responded to Alphas's request for invoices with another motion for a protective order, but neither that motion nor Alphas's opposition were docketed. Lange did produce a computer printout purportedly representing the information contained in its invoices to Alphas.

Without ruling on Lange's motion for a protective order, the judge allowed summary judgment in favor of Lange and Kilduff on all counts, with the notation that

> "[u]pon examination of the Summary Judgment record, after argument of counsel, there is no basis upon which a reasonable trier of fact could find for the plaintiff. Mere allegations of 'kickbacks' in unrelated transactions do not rise to the requisite standard of proof at summary judgment that genuine and material issues of fact exist in the controversy."

The case proceeded on Lange's counterclaim for abuse of process and violation of G. L. c. 93A. The parties at that point were permitted discovery. On cross motions for summary judgment, the judge issued a memorandum of decision, ruling in Alphas's favor.

Alphas filed this appeal from the entry of summary judgment for Kilduff and Lange. Lange filed an appeal from the entry of summary judgment for Alphas on the counterclaim.

*Discussion.* The principal issue before us is whether the Superior Court judge abused his discretion in granting summary judgment to the defendants without first allowing Alphas to conduct the discovery it requested. See generally *Commonwealth* v. *Fall River Motor Sales, Inc.*, 409 Mass. 302, 307 (1991) (refusal to grant a continuance under rule 56(f) is "set aside only upon a clear showing of an abuse of discretion"). "A continuance is appropriate if the party opposing a summary judgment motion shows that it cannot, without further discovery, 'present by affidavits facts essential to justify [its] opposition.' " *Ibid.*, quoting from Mass.R.Civ.P. 56(f). In order to avoid the

---

order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

disposition of the defendants' summary judgment motion without the requested discovery, Alphas must make a "minimal, threshold showing that there is a factual basis to support [its] complaint." *E.A. Miller, Inc.* v. *South Shore Bank*, 405 Mass. 95, 100 (1989). "Litigants may be denied an opportunity for discovery if their complaints and affidavits have 'not made even a minimal showing warranting the requested discovery.' " *Ibid.*, quoting from *MacKnight* v. *Leonard Morse Hosp.*, 828 F.2d 48, 51 (1st Cir. 1987).

Turning to Alphas's affidavit and related submissions, we assume the facts set out in the nonmoving party's summary judgment materials are true, and we make all logically permissible inferences in its favor. See *Willitts* v. *Roman Catholic Archbishop of Boston*, 411 Mass. 202, 203 (1991); *Zhang* v. *Massachusetts Inst. of Technology*, 46 Mass. App. Ct. 597, 598 (1999). See also *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 553-556 (1976). We consider Alphas's request for relief under rule 56(f) in the context of the facts Alphas must prove to make out its claims.

1. *Breach of contract.* Alphas claimed that it entered into an oral contract with Lange to purchase produce at twenty-five cents per package over cost. The allegation was supported by the deposition testimony of John Alphas, wherein he reported that Kilduff, Lange's vice president of sales for its Boston office, told him on several occasions that Kilduff would sell produce to Alphas at Lange's cost plus twenty-five cents per package. The existence of an oral contract and its terms was further supported by the deposition testimony of Abbate, the former Alphas employee, which was taken in the lawsuit brought against him by Alphas.[4]

Alphas's summary judgment materials thus satisfied its burden, under Mass.R.Civ.P. 56(f), of making a threshold showing that there was a factual basis to its claim that an oral contract existed between the parties.[5] Alphas also alleged that Lange breached the terms of the oral contract by charging Alphas more than the

---

[4]Lange's objection to Abbate's testimony on hearsay grounds is unavailing. As we note below, latitude is afforded in the admissibility of hearsay in rule 56(f) motions, since the very basis of the motion is that discovery was unavailable.

[5]Lange devotes much of its brief on appeal to a defense under the Massachusetts Uniform Commercial Code, G. L. c. 106, an argument not raised in the Superior Court and therefore not properly before us. See *Federal Fin. Co.*

agreed-upon twenty-five cents per package. The deposition testimony of John Alphas, indicating that Alphas suspected in 2002 that it was being overcharged, provided the requisite support under rule 56(f) for the claimed breach. But Alphas argues that the restrictions placed on discovery by the judge thwarted Alphas's ability, in opposing summary judgment, to set forth specific facts showing the extent of the breach and its damages.

In seeking a continuance under rule 56(f), Alphas sought discovery of evidence showing, among other things, information pertaining to Lange's costs in connection with produce it sold to Alphas, as well as Lange's invoices to Alphas. In response to Alphas's request, the judge permitted discovery only of Lange's invoices to Alphas. Lange responded to Alphas's interrogatory seeking all such invoices with a motion for a protective order, and produced only a computer-generated report of information contained in its invoices to Alphas. The judge, without ruling on the protective order, allowed the summary judgment motions of both defendants.

Cases addressing rule 56(f) have identified various requirements for obtaining relief. "One common reason for the denial of a continuance in this context is the irrelevance of further discovery to the issue being adjudicated in summary judgment." *Commonwealth* v. *Fall River Motor Sales, Inc.*, 409 Mass at 308. To withstand a summary judgment motion, the nonmoving party accordingly must show that "the information sought would have raised a material factual question." *Blake Bros. Corp.* v. *Roche*, 12 Mass. App. Ct. 556, 560 (1981). The nonmoving party also "must show to the best of his ability what facts are within the movant's exclusive knowledge or control; what steps have been taken to obtain the desired information pursuant to

v. *Savage*, 431 Mass. 814, 820 n.6 (2000). The same holds true for its passing reference to the parol evidence rule. In its summary judgment motion, Lange pressed a defense under the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a et seq., an issue revisited in its brief on appeal but not presented by way of appropriate appellate argument. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). See, e.g., *Donovan* v. *Gardner*, 50 Mass. App. Ct. 595, 602 (2000) (brief on appeal offered only conclusory statements that did not rise to the level of argument required under Mass.R.A.P. 16[a][4]); *Morgan* v. *Laboratory Corp. of America*, 65 Mass. App. Ct. 816, 821 n.6 (2006) ("The mere assertion of a proposition without citation does not constitute appellate argument").

the discovery procedures under the Rules; and that he is desirous of taking advantage of these discovery procedures." *A. John Cohen Ins. Agency, Inc.* v. *Middlesex Ins. Co.*, 8 Mass. App. Ct. 178, 183 (1979), quoting from 6 Moore's Federal Practice par. 56.24, at 1432 (2d ed. 1979). See *E.A. Miller, Inc.* v. *South Shore Bank*, 405 Mass. at 100 (plaintiff failed to show that evidence sought under rule 56(f) was relevant to its claim or that it was in defendant's exclusive possession).

Particularly helpful in the application of those factors is the analytical framework set out in *Resolution Trust Corp.* v. *North Bridge Assocs.*, 22 F.3d 1198, 1203-1208 (lst Cir. 1994), in its consideration of Fed.R.Civ.P. 56(f). We note that the Massachusetts Rules of Civil Procedure were patterned on the Federal Rules of Civil Procedure, and the wording of our rule 56(f) is identical to its Federal counterpart; it is well established that we may accordingly take guidance from the relevant Federal jurisprudence in construing the rule. See *Van Christo Advertising, Inc.* v. *M/A-COM/LCS*, 426 Mass. 410, 414 (1998), quoting from *Rollins Envtl. Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 179-180 (1975) ("In construing our rules, we follow the construction given to the Federal rules 'absent compelling reasons to the contrary or significant differences in content' "); *Commissioner of Rev.* v. *Carrigan*, 45 Mass. App. Ct. 309, 311 (1998). In *Resolution Trust Corp.* v. *North Bridge Assocs.*, *supra* at 1203, issued after the Supreme Judicial Court's decision in *Commonwealth* v. *Fall River Motor Sales, Inc.*, *supra*, the United States Court of Appeals for the First Circuit encapsulated the rule 56(f) considerations into five criteria: "authoritativeness, timeliness, good cause, utility, and materiality." As explained by the Court of Appeals, the request for relief under rule 56(f), after meeting the preliminary requirements that the request be timely and that it be accompanied by an authoritative affidavit based on firsthand knowledge, "should show good cause for the failure to have discovered the facts sooner; it should set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist; and it should indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Resolution Trust Corp.* v. *North Bridge Assocs.*, *supra*. See

*C.B. Trucking, Inc.* v. *Waste Mgmt., Inc.*, 137 F.3d 41, 44 (1st Cir. 1998). And though a trial judge enjoys considerable discretion regarding those factors, and though all need not be present, "when all five requirements are satisfied, . . . a strong presumption arises in favor of relief." *Resolution Trust Corp.* v. *North Bridge Assocs., supra*. See *Simas* v. *First Citizens' Fed. Credit Union*, 170 F.3d 37, 46 (1st Cir. 1999).[6] "For purposes of achieving this benchmark, a Rule 56(f) proffer need not be presented in a form suitable for admission as evidence at trial, so long as it rises sufficiently above mere speculation." *Resolution Trust Corp.* v. *North Bridge Assocs., supra* at 1206. See *Simas* v. *First Citizens' Fed. Credit Union, supra* (rule 56[f] motion that relied, in part, on inadmissible hearsay was not per se defective, as evidentiary standards differ from those governing rules 56[c] and 56[e]).

Applying the rule 56(f) paradigm here, the presumption strongly favors Alphas. To begin, the record shows that Alphas made a timely request for relief under rule 56(f), that the supporting affidavit of Peter Alphas was made on firsthand knowledge of the obstacles to conducting discovery, and that good cause existed for Alphas's inability to complete discovery before the entry of summary judgment.[7] Alphas thereby satisfied the first three requirements set out in *Resolution Trust Corp.* v. *North Bridge Assocs., supra*, those of timeliness, authoritativeness, and good cause.

Alphas additionally satisfied the more substantive requirement of materiality. "[T]he threshold of materiality at this stage of [the] case is necessarily low." *Resolution Trust Corp.* v. *North*

---

[6]We are in agreement with the observation of the First Circuit that "Rule 56(f) is designed to minister to the vigilant, not to those who slumber upon perceptible rights." *Resolution Trust Corp.* v. *North Bridge Assocs.*, 22 F.3d at 1203. "[U]se of the rule not only requires meeting several benchmarks . . . but also requires due diligence both in pursuing discovery before the summary judgment initiative surfaces and in pursuing an extension of time thereafter." *Ibid.*

[7]Regarding good cause, we note that the original stay entered by the judge went well beyond the relief requested in Lange's protective order and afforded essentially no discovery to Alphas. Alphas's deposition by the defendants was the sole discovery the judge permitted. This was followed by the very restrictive discovery allowed in response to its rule 56(f) motion, which was similarly met with Lange's motion for a protective order.

*Bridge Assocs., supra* at 1207. "[T]he facts that the movant seeks to discover must be foreseeably capable of breathing life into his claim or defense." *Ibid.* Here, the relevance of the information sought by Alphas to prove its contract claim is readily apparent. Alphas's submissions in opposition to summary judgment were sufficient to establish a factual basis for its claim that Alphas and Lange had an oral contract for the sale of produce at twenty-five cents over cost. Alphas also established, for summary judgment purposes, that it discovered that in some instances Lange had not adhered to the agreement and had overcharged Alphas. The invoices from Lange to Alphas, which Lange apparently never produced, would not have revealed Lange's commission in any event. Abbate's deposition testimony confirmed that the only way to determine whether Lange adhered to the twenty-five cent markup was from the amounts charged to Lange by its suppliers. Thus, the judge's order that limited Alphas's request for discovery pursuant to rule 56(f) to invoices sent from Lange to Alphas did not afford Alphas the opportunity to establish Lange's costs for the produce it sold and shipped to Alphas.[8]

Based on its summary judgment submissions, Alphas has demonstrated the materiality of its discovery requests related to the alleged oral agreement between Lange and Alphas and Lange's costs and expenses in connection with the produce Lange purchased from its own suppliers and shipped to Alphas. Discovery necessary to prove Alphas's claim conceivably would extend to the deposition testimony of Lange, Kilduff, and Abbate[9] and the information sought in Alphas's document requests that directly pertained to its breach of contract claim.[10]

[8]See note 11, *infra.*

[9]Contrary to Kilduff's suggestion, the fact that some of the individuals involved in this lawsuit were already deposed in the Abbate litigation does not negate Alphas's need for discovery for summary judgment purposes. While their previous testimony could be used to support Alphas's rule 56(f) motion, Kilduff fails to indicate how such testimony, from a different action involving different parties and claims, would be admissible evidence in opposing summary judgment in this case. Compare *Lentz* v. *Metropolitan Property & Cas. Ins. Co.,* 437 Mass. 23, 30 n.2 (2002).

[10]Though we do not attempt to resolve specific discovery requests and objections here, relevant documents would appear to include number 9, 10, 13-15, 17, 33, and 34 of "Plaintiff's First Request for Production of Documents to Defendant Tom Lange Company, Inc."

As to the final requirement of utility, we "consider whether [the] appellant[] presented a plausible basis for a belief that discoverable materials exist that would likely suffice to raise a genuine issue of material fact, and, thus, defeat summary judgment." *Resolution Trust Corp.* v. *North Bridge Assocs.,* 22 F.3d at 1206. We note that Lange has not denied the existence of several categories of documents relating to the issues of Lange's costs and profits and Alphas's damages.[11] And according to the judge, in his later summary judgment memorandum of decision on Lange's counterclaim, Alphas obtained documentation of Lange's costs from three of Lange's suppliers in the course of discovery in the Abbate litigation. In Alphas's rule 56(f) motion, which sought discovery on the issue of Lange's costs, Alphas indicated that while it had some information on those costs, it lacked documents on a substantial percentage of Lange's transactions. All told, Alphas has demonstrated that such information is probably available.

In sum, Alphas has made a clear showing that, as to its breach of contract claim against Lange, it satisfied all five conditions set out in *Resolution Trust Corp.* v. *North Bridge Assocs., supra* at 1203, for obtaining relief under rule 56(f), and the defendants have made no countervailing showing to overcome the resulting presumption for relief. See *Simas* v. *First Citizens' Fed. Credit Union,* 170 F.3d at 46. In these circumstances, moreover, we see no justification for restricting Alphas's discovery to the invoices between Lange and Alphas, and further, in entering summary judgment for Lange on the breach of contract and related counts. Summary judgment on the claims against Lange arising from breach of the alleged oral agreement, specifically count XI (breach of contract), count XII (breach of the implied covenant of good faith and fair dealing), and count XIII (violations of G. L. c. 93A, to the extent the allegations involve overcharging for fruit pursuant to the contract) of Alphas's complaint should not have entered for Lange.

---

[11]Lange's original motion for a protective order objected to several document requests on the basis that no such documents existed, but did not so indicate with respect to documents concerning Lange's purchase and shipment of produce to Alphas. The record on appeal does not permit confirmation of Lange's suggestion at oral argument that information concerning Lange's costs was a matter of public record.

2. *Tort and statutory claims.* The remaining counts of Alphas's complaint aver numerous tort and statutory claims against Lange and Kilduff, having to do with alleged financial irregularities stemming from Kilduff's involvement in Boston Citrus and his role in selling produce to Alphas. The factual bases for those claims, to the extent we understand them, included the suspicion that Kilduff maintained two sets of books for the fruit sold to Alphas, that Kilduff pocketed refunds from suppliers that were owed to Alphas for damaged fruit, that Kilduff failed to supervise Abbate, and that Kilduff received cash payments from Abbate.

The summary judgment materials supporting those claims established, at most, that Abbate and Sevelitte, not parties to this action, stole fruit from Alphas while in its employ. Beyond that, the record reflects only hints of other improprieties, as for example, suspicions that Abbate made cash payments to Kilduff at Boston Citrus before Alphas purchased the company, and even more remote suspicions that those payments continued after Alphas purchased the company.

On our review of the summary judgment record, we conclude that the factual underpinnings of the tort and statutory claims against Lange and Kilduff were far too speculative to meet even the minimal threshold to warrant further discovery under rule 56(f). "Parties may not 'fish' for evidence on which to base their complaint 'in hopes of somehow finding something helpful to their case in the course of the discovery procedure.' " *E.A. Miller, Inc.* v. *South Shore Bank,* 405 Mass. at 102, quoting from *Charbonnier* v. *Amico,* 367 Mass. 146, 153 (1975). We address the issue no further, for the additional reason that Alphas's brief on those several claims and the information sought under rule 56(f), does not satisfy Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).[12]

Accordingly, summary judgment in favor of Kilduff on all counts, and against Lange on the counts not directly related to Lange's alleged breach of contract, see our discussion in part 1, *supra,* are affirmed.

3. *Cross-appeal for abuse of process and G. L. c. 93A.* Lange brought a counterclaim against Alphas for abuse of process and violation of G. L. c. 93A, in connection with Alphas's pursuit of

---

[12]See note 5, *supra.*

discovery in the Abbate litigation. A claim for abuse of process requires proof that "(1) process was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage." *Adams* v. *Whitman*, 62 Mass. App. Ct. 850, 853 (2005), quoting from *Gutierrez* v. *Massachusetts Bay Transp. Authy.*, 437 Mass. 396 407 (2002), *S.C.*, 442 Mass. 1041 (2004). See *Datacomm Interface, Inc.* v. *Computerworld, Inc.*, 396 Mass. 760, 775-776 (1986). Lange claimed that Alphas pressed its case against Abbate for the ulterior purpose of using discovery in that case to garner information about Lange's business and its suppliers.

Summary judgment was properly entered for Alphas. The record confirms that Alphas's complaint against Abbate had the legitimate aim of recovering for Abbate's theft of inventory; indeed, that was the outcome, as Abbate paid Alphas to settle the claim. See *Jones* v. *Brockton Public Mkts., Inc.*, 369 Mass. 387, 390-391 (1975). See also *Quaranto* v. *Silverman*, 345 Mass. 423, 426 (1963), quoting from *Gabriel* v. *Borowy*, 324 Mass. 231, 236 (1949) (process must be used "to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed"). Lange has not persuaded us that the fact that discovery in the Abbate litigation may have unearthed information that prompted Alphas to institute this action against Lange rendered Alphas's discovery improper.

We also note that, traditionally, discovery activities have not provided grounds for abuse of process actions in Massachusetts. Cases recognizing abuse of process claims have been limited to three types of process: writs of attachment, the process used to institute a civil action, and the process related to bringing criminal charges. *Jones* v. *Brockton Public Mkts., Inc.*, 369 Mass. at 389-390. See, e.g., *Gutierrez* v. *Massachusetts Bay Transp. Authy.*, 437 Mass. at 408-409 (claim that criminal complaints were brought pursuant to falsified arrest reports); *Kelley* v. *Stop & Shop Cos.*, 26 Mass. App. Ct. 557, 558 (1988) (criminal complaint allegedly brought to coerce payment). See also *Adams* v. *Whitman*, 62 Mass. App. Ct. at 855-856 (instituting civil suit), and cases cited.

We see no reason to extend a cause of action for abuse of process to the discovery practices complained of here. As a matter

of policy, we agree with the judge that Lange's abuse of process claim, aimed at curtailing discovery activities, would be inconsistent with the spirit of Mass.R.Civ.P. 26(b)(1), 365 Mass. 772 (1974), which affords broad latitude in the discovery of relevant information and is not limited to the issues raised in the pleadings or to the merits of the case. See *Cronin* v. *Strayer*, 392 Mass. 525, 532-534 (1984).

Lange further maintains that the judge's failure to address Lange's G. L. c. 93A claim in his memorandum of decision requires remand of the matter to the Superior Court. However, Lange itself barely touched on c. 93A in either its motion papers for summary judgment or in its opposition to Alphas's motion for summary judgment on the counterclaim. Moreover, the judge's ruling that the Abbate litigation was brought to redress a legitimate wrong and reflected no misuse of discovery adequately disposed of Lange's c. 93A claim as well. On appeal, Lange does little more than cite to *Fafard Real Estate & Dev. Corp.* v. *Metro-Boston Bdcst., Inc.*, 345 F. Supp. 2d 147, 154 (D. Mass. 2004), for the proposition that "[t]he misuse of legal process to obtain a commercial advantage has long been recognized as a violation of Chapter 93A." Yet its summary judgment motion and supporting materials failed to connect the alleged wrongdoing, that is, procuring documents from Lange's suppliers and deposing Lange employees, with the allegation of harm that Alphas thereby obtained an unwarranted glimpse into Lange's business operations. Lange's vague assertions of damages under c. 93A did not rise to the level of specific facts required to defeat summary judgment. See Mass. R.Civ.P. 56(e), 365 Mass. 824 (1974).

*Conclusion.* Based on the foregoing, the judge's order limiting relief under Mass.R.Civ.P. 56(f) is reversed, the judgment for Lange on the count XI (breach of contract), count XII (breach of the implied covenant of good faith and fair dealing), and count XIII (violations of G. L. c. 93A, to the extent the allegations involved overcharging for fruit pursuant to the contract) is vacated, and the case is remanded to the Superior Court for further proceedings consistent with this opinion. The judgments are affirmed in all other respects.

*So ordered.*