Hand, J.
Plaintiff Barron Chiropractic & Rehabilitation, P.C. (“Barron”) has appealed the trial court’s allowance of defendant Encompass Insurance Company’s (“Encompass”) motion for summary judgment on all counts of Barron’s complaint; and denial of Barron's Mass. R. Civ. R, Rule 56(f) motion for additional time to conduct the discovery that, Barron argues, was essential to its defense against Encompass’ summary judgment motion.
On March 29, 2008, while a passenger in a motor vehicle insured by Encompass, Laurence Ornelian (“Ornelian”) was involved in an accident. Following the accident, Ornelian received chiropractic treatment by Barron, and sought personal injury protection (“PIP”) benefits under Encompass’ automobile policy for those chiropractic expenses. When Encompass refused coverage for Barron’s bills, Barron brought this action under G.L.c. 90, §34, G.L.c. 93A, §11, and G.L.c. 93, §12.[1] Dispositive of this case are the questions whether Ornelian, wilfully and without excuse, failed to cooperate with Encompass’ demand that she undergo an examination under oath (“EUO”) and, if so, whether that failure to cooperate justified Encompass’s denial of PIP benefits for the accident-related treatment Barron provided to her. On appeal, we view the evidence in the light most favorable to Barron, as the opponent of summary judgment, Gray v. Giroux, 49 Mass. App. Ct. 436, 438 (2000), taking all well-pleaded factual allegations in the complaint as true, Kennie v. Natural Resources Dep’t of Dennis, 451 Mass. 754, 757 (2008), and drawing all reasonable inferences in Barron’s favor. Community Nat'l Bank v. Dawes, 369 Mass. 550, 553-556 (1976). Doing so, we find that the record discloses the following facts:
*303 Encompass was first informed of Ornelian’s involvement in the March 29, 2008 accident by means of a letter of representation, dated May 28, 2008, from Attorney Richard J. Bennett (“Attorney Bennett” or “Bennett”). Attorney Bennett’s letterhead listed a single business address — 50 Congress Street, Suite 320, Boston, Massachusetts, fax number (617) 742-4896 (“the Boston address”).
Several months later, Ornelian began chiropractic treatment with Barron. According to the information Ornelian provided to Barron, as of July, 2008, Attorney Bennett’s business address was 375 Broadway, Somerville, Massachusetts (the “Somerville address”). The bills for Ornelian’s treatment with Barron were submitted to Encompass for payment under the PIP provisions of the automobile insurance policy purchased from Encompass.
Pursuant to the terms of that policy, Ornelian, as a PIP claimant, was required to undergo an EUO “at a place designated by [Encompass], within a reasonable time after [Encompass was] notified of the claim.” On August 7, 2008, counsel for Encompass mailed to Attorney Bennett’s Boston address notice of Encompass’ intention to require Ornelian to undergo an EUO. The letter was sent by certified mail, return receipt requested. A signed receipt card, dated August 8, 2008, was returned on August 11, 2008.[2]
Correspondence between Attorney Bennett and Barron, dated August 14, 2008, shows that Bennett, at that time, used letterhead listing only his Somerville address and fax number, (617) 623-0101, and not his Boston address.[3]
On August 27,2008, Encompass’ counsel sent a fax to Attorney Bennett, directing the letter to the Boston address and fax number. The letter documented Encompass’ unwillingness to reschedule the EUO set for August 29,2008, and its disinclination to conduct the EUO by telephone, or in Boston. The record before us includes a fax confirmation indicating that Encompass’ fax was successfully transmitted to the number to which it was directed. Neither Ornelian, nor Bennett, appeared for the EUO.
On September 8, 2008, Encompass’ attorney sent by certified mail to Bennett’s Boston address a second written notice of her intention to conduct an EUO. The signed return receipt, dated September 9,2008, was delivered to Encompass’ offices on September 10, 2008. Neither Ornelian, nor her attorney, appeared for that EUO, either.
Shortly thereafter, Encompass denied Ornelian’s PIP claims based on her failure to appear for an EUO.
As noted, Barron commenced this action against Encompass on February 3, 2009. With its complaint, Barron served Encompass with interrogatories and requests for production of documents. Encompass answered the complaint on *304 February 25,2009. Within a month, and before serving any answers or responses to Barron’s discovery requests, which were not yet due, Encompass filed its motion for summary judgment Barron opposed the motion for summary judgment; moved to strike Encompass’ supporting affidavit[4]; and moved, under Mass. R. Civ. P., Rule 56(f),[5] for additional time within which to conduct discovery. Encompass’ summary judgment motion was allowed, and Barron’s motions for a continuance and to strike were implicitly denied. Barron has appealed all three trial court rulings.
The trial court’s denial of Barron’s Rule 56(f) motion is dispositive of this appeal. Where a party opposing a motion for summary judgment “shows that it cannot, without further discovery, ‘present by affidavits facts essential to justify [its] opposition, Commonwealth v. Fall River Motor Sales, Inc., 409 Mass. 302, 307 (1991), quoting Mass. R. Civ. R, Rule 56(f), the motion judge has the discretion to grant a continuance for the purpose of allowing the motion’s opponent to obtain what factual support it can to support its argument. A. John Cohen Ins. Agency, Inc. v. Middlesex Ins. Co., 8 Mass. App. Ct. 178, 183 (1979). Presented with a Rule 56(f) motion for a continuance, the motion judge will consider five criteria: “authoritativeness, timeliness, good cause, utility, and materiality.” Alphas Co. v. Kilduff, 72 Mass. App. Ct. 104, 110 (2008), quoting Resolution Trust Corp. v. North Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994).
As explained by the Court of Appeals, the request for relief under rule 56(f), after meeting the preliminary requirements that the request be timely and that it be accompanied by an authoritative affidavit based on firsthand knowledge, ‘should show good cause for the failure to have discovered the facts sooner; it should set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist; and it should indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.’
Id., quoting Resolution Trust Corp., supra, and citing C.B. Trucking, Inc. v. Waste Mgt., Inc., 137 F.3d 41, 44 (1st Cir. 1998). Although denial of a Rule 56(f) motion remains discretionary, “[w]hen all five requirements are satisfied, ... a strong presumption arises in favor of relief.” Resolution Trust Corp., supra.
Barron’s Rule 56(f) motion satisfied these five requirements. The motion was unquestionably timely and was accompanied by an affidavit based on Barron’s counsel’s first-hand knowledge. The relevance and materiality of the information sought are obvious. With respect to Barron’s claims under G.L.c. 90, §34M, Barron’s discov *305 ery requests asked Encompass to document its compliance with its contractual and statutory obligation to obtain any EUO within a “reasonable” time, G.L.c. 90, §34M, and to provide factual support for Encompass’ defense that Ornelian’s failure to attend the scheduled EUOs was wilful and unexcused.[6] See, e.g., Lorenzo-Martinez v. Safety Ins. Co., 58 Mass. App. Ct. 359, 362-364 (2003). Similarly, with respect to its claims under G.L.c. 93A, §11, Barron’s discovery requests sought information bearing on the promptness and reasonableness with which Encompass handled Ornelian’s PIP claim, information that, realistically, would be available only from Encompass itself. While perhaps not determinative of Barron’s claims, the information Barron sought through discovery, and that was the basis for its request for a Rule 56(f) continuance, was ‘“foreseeably capable of breathing life into’” Barron’s claims in this case, Alphas Co., supra at 112, quoting Resolution Trust Corp., supra-, it was both relevant and material. Finally, the request for a continuance set forth good cause for Barron’s failure to obtain the information sought in advance of the motion deadlines. Barron’s discovery requests to Encompass, served on Encompass with Barron’s complaint, were not yet due under the relevant rules of civil procedure. As for information likely to be available through Attorney Bennett, Barron’s counsel’s affidavit explains that although he tried to contact Attorney Bennett in preparation for the motion hearing, Bennett was unavailable until after the hearing date.
While acknowledging the trial judge’s broad discretion in discovery matters, we conclude that, in this case, requiring Barron to oppose Encompass’ motion for summary judgment without giving Barron any opportunity to obtain the discovery to which it was entitled exceeded the bounds of that discretion.
Accordingly, both the judgment entered in favor of Encompass and the allowance of Encompass’ summary judgment motion are vacated, the denial of Barron’s Rule 56(f) motion for a continuance is reversed,[7] and this case is returned to the trial court for further proceedings consistent with this opinion.
So ordered.

 Barron’s standing to bring suit arises by operation of G. L.c. 90, §34M: “In any case where benefits due and payable remain unpaid for more than thirty days, any unpaid party shall be deemed a party to a contract with the insurer responsible for payment and shall therefore have a right to commence an action in contract for payment of amounts therein determined to be due in accordance with the provisions of this chapter.”

 The signature on the receipt card is illegible. Although Barron’s counsel attempted to contact Attorney Bennett before the summary judgment motion’s hearing date to obtain information about Bennett’s business address or addresses at the relevant times, and, presumably, about what steps, if any, Bennett took to advise Encompass of any address changes, Bennett was not available before the hearing date.

 Nothing in the record before us allows us to determine whether Attorney Bennett had more than one business address at any time relevant to this action.

 The record does not reflect the court’s order on the motion to strike. Because Barron has not raised this issue explicitly on appeal, we do not address the merits of Barron’s motion to strike the affidavit.

 Rule 56(f) provides: “Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.”

 Barron’s discovery requests to Encompass included inquiry into any information Encompass had about Bennett’s contact information at the times relevant to Barron’s claims; whether Encompass knew or should have known about any changes to that contact information; the content and timing of all notices given by Encompass to Ornelian or Bennett of the scheduling of the EUOs; whether and on what basis Encompass believed that Bennett or Ornelian received those notices; any responses by Ornelian or Bennett to any EUO notice(s) Encompass transmitted to them; and any explanations given by Ornelian or Bennett for Ornelian’s failure to appear for any EUO of which either received notice.

 Citing Yorke Mgt. v. Castro, 406 Mass. 17, 19-20 (1989), Barron’s appeal includes a request for appellate attorneys’ fees and costs pursuant to G.L.c. 90, §34M. As §34M allows for attorney’s fees and costs only “[i]f the unpaid party recovers a judgment for any amount due and payable by the insurer,” however, the request for costs and fees is denied as premature.