NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-655

COLLATOS FAMILY PARTNERSHIP, L.P.

vs.

ATHENA CAPITAL ADVISORS LLC, & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Collatos Family Partnership, LP (CFP), filed a four-count complaint in the Superior Court against defendants Athena Capital Advisors LLC (Athena), Fiduciary Trust International, LLC (Fiduciary), and Athena's former manager, Lisette Cooper, alleging breach of fiduciary duty, breach of contract, and breach of the implied covenant of good faith, and seeking an equitable accounting.  The first motion judge allowed the defendants' motion to dismiss under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), as to all counts except those for breach of contract and an equitable accounting (counts II and IV), on the narrow claim for failing to provide CFP with books and records as CFP had requested in June and July 2020.

---

[1] Fiduciary Trust International, LLC, and Lisette Cooper.

Subsequently, a second motion judge denied CFP's motion under Mass. R. Civ. P. 56 (f), 365 Mass. 824 (1974), to delay ruling on the defendants' motion for summary judgment until discovery could be undertaken, and then granted the defendants' motion for summary judgment under Mass. R. Civ. P. 56 (c) on the two remaining counts. Judgment then entered in favor of the defendants. CFP appeals, claiming that the first motion judge erred in dismissing its claim of breach of fiduciary duty and the second motion judge abused his discretion in not allowing further time for discovery and also erred in allowing the defendants' motion for summary judgment. Because we discern no error, we affirm.

Background. We summarize the facts as well as any reasonable inferences alleged in the complaint and the attached exhibits, which we accept as true in reviewing a motion to dismiss. See A.L. Prime Energy Consultant, Inc. v. Massachusetts Bay Transp. Auth., 479 Mass. 419, 421 (2018); Ginther v. Commissioner of Ins., 427 Mass. 319, 322 (1998). We reserve recitation of the summary judgment record for our discussion below.

In 2007, CFP, a Delaware limited partnership, contributed $500,000 to become a roughly one percent member of Athena, a Delaware limited liability company and investment advisory firm. Athena is governed by the second amended and restated limited

2

liability company agreement (second agreement), of which the relevant sections can be summarized as follows: the board of managers (board) had exclusive control over the management of Athena[2]; a majority vote of the three-member board was required to merge or consolidate Athena[3]; and on request by any member, the board was required to provide members with copies of Athena's budgets, financial statements, and books and records.[4]

CFP's management became concerned that Athena's other members may have received distributions or other benefits that CFP did not receive. CFP repeatedly shared its concerns about the management of Athena with defendant Lisette Cooper and counsel for Athena, but never received a satisfactory response.

In 2020, Athena informed CFP of an anticipated merger and that, after thirteen years of being a member, CFP would receive its original investment back. In February of 2020, while the merger was being finalized, counsel for Athena provided CFP with tax documents and releases for the review and signature of CFP's general partner. CFP's general partner immediately asked for an accounting or explanation of the amounts that Athena's other members would receive as a result of the merger, but Athena's counsel refused to provide it.

---

[2] Second agreement § 7.2.
[3] Second agreement § 6.6 (as amended).
[4] Second agreement § 12.2.

Athena eventually notified CFP that Athena merged into Fiduciary on March 2, 2020, and as a result, CFP was no longer a member of Athena.[5]  In April of 2020, Athena's counsel sent to CFP an e-mail message listing, without any documentary support, the amounts that each member of Athena received as a result of the merger.  In June of 2020, counsel for CFP requested that CFP be permitted to review Athena's books and records.  In July, CFP made the same request to Fiduciary, which denied the request as CFP was no longer a member since the merger.[6]  This lawsuit then followed.

Discussion.  1.  Motion to dismiss CFP's breach of fiduciary duty claim.  CFP appeals the dismissal of its claim alleging breach of fiduciary duty.  We review the allowance of a motion to dismiss under Mass. R. Civ. P. 12 (b) (6) de novo. See A.L. Prime Energy Consultant, Inc., 479 Mass. at 424.

> "While a complaint attacked by a . . . motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions.  . . .  Factual allegations must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."

---

[5] As discussed further below, the defendants produced, among other things, the merger agreement and the new LLC agreement that replaced the second agreement after the merger, as part of the summary judgment record.
[6] In June, Athena also changed its name to Fiduciary Trust International, a subsidiary of Fiduciary Trust Company International.

Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-556 (2007).

Under Delaware law,[7] "[a] claim for breach of fiduciary duty requires proof of two elements:  (1) that a fiduciary duty existed and (2) that the defendant breached that duty." Beard Research, Inc. v. Kates, 8 A.3d 573, 601 (Del. Ch. 2010), aff'd sub. nom. ASDI, Inc. v. Beard Research, Inc., 11 A.3d 749 (Del. 2010).  A breach occurs when a fiduciary commits "an unfair, fraudulent, or wrongful act." Id. at 602.  CFP claimed below that Athena breached its fiduciary duty by refusing to provide the requested financial documents, failing to provide CFP with the terms of the merger, pressuring or attempting to trick CFP's general partner to sign broad releases which absolved Athena of any wrongdoing, and refusing to release funds when CFP's general partner refused to sign the releases.

CFP's first claim alleging that Athena breached its fiduciary duty by failing to provide it with financial documents and other requested information is identical to CFP's claim that Athena violated the terms of the second agreement.  The law of Delaware, which we apply here, makes clear that dismissal is the appropriate remedy where the same set of facts that underlie the

_____

[7] Both parties agree that the Delaware law applies.

5

breach of contract claim also form the basis of the claim for breach of fiduciary duty. See Nemec v. Shrader, 991 A.2d 1120, 1129 (Del. 2010). When a dispute involves obligations set forth in a contract, it will be treated as a breach of contract claim. See id. The claim of breach of fiduciary duty is subsumed into the breach of contract claim and dismissal is the appropriate remedy.

Second, other than conclusory statements and suspicions, CFP failed to allege any facts that Athena breached its fiduciary duty by attempting to pressure CFP's general partner into signing the broad release forms.[8] CFP was provided copies of all the releases and was not prohibited from consulting with an attorney to obtain independent legal advice. Cf. Coveney v. President & Trustees of College of Holy Cross, 388 Mass. 16, 22 (1983) ("To avoid a contract on the basis of duress, a party must show that conduct by the other party caused him to enter into the contract under the influence of such fear as precludes him from exercising free will and judgment" [quotation and citation omitted]). CFP does not allege, and the facts do not support, that Athena's counsel mispresented the substance of the releases to CFP; rather, CFP management believed that Athena

---

[8] CFP claims that Athena, by providing a short period of time for CFP to review the documents and releases, which CFP claims are overly broad in favor of Athena, breached its fiduciary duty. We disagree.

6

attempted to pressure CFP's general partner to sign the releases before Athena would return CFP's original investment. Even if we were to accept CFP's allegation that Athena was trying to pressure CFP's general partner into signing the release documents, and that somehow this would support a claim of a breach of a fiduciary duty, CFP's general partner never did sign the releases. Because CFP did not sign the releases, any pressure to sign the documents is irrelevant to the claims before us.

Additionally, the claim that Athena failed to provide CFP with all of the details of the merger and the effect of the merger on CFP cannot support a claim of breach of fiduciary duty as the second agreement did not require each member's consent to go forward with a merger. Moreover, CFP fails to allege any facts that suggest or link the defendants' failure to provide it with merger documents to any alleged wrongdoing by the defendants aimed at CFP that would support a claim for breach of fiduciary duty.

2. <u>Motion for summary judgment and request for continuance</u>. While the motion to dismiss was pending, the defendants were granted a protective order from CFP's numerous discovery requests. After the order allowing the motion to dismiss was rendered, Athena then filed a motion for summary judgment on the remaining claims under Mass. R. Civ. P. 56 (c),

7

this time providing CFP with a redacted copy of the merger agreement. CFP opposed the motion for summary judgment and filed a motion to delay ruling on the summary judgment motion under Mass. R. Civ. P. 56 (f), so that discovery could be obtained.

We review the denial of a motion under rule 56 (f) for an abuse of discretion. Commonwealth v. Fall River Motor Sales, Inc., 409 Mass. 302, 307 (1991); Alphas Co. v. Kilduff, 72 Mass. App. Ct. 104, 107 (2008). If a motion for summary judgment is filed prior to meaningful discovery occurring, a party may request a continuance under rule 56 (f). The rule provides:

> "Should it appear from the affidavits of a party opposing the motion [for summary judgment] that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just."

Mass. R. Civ. P. 56 (f). When considering a motion pursuant to rule 56 (f), a judge has broad discretion to consider the relevance of the discovery request, whether the requested documents are protected by attorney work-product privilege, and whether the items being sought are already in possession of the party asking for a continuance and thus of "marginal significance" (citation omitted). Fall River Motor Sales, Inc., supra at 309. "One common reason for the denial of a continuance in this context is the irrelevance of further

discovery to the issue being adjudicated in summary judgment." Id. at 308. In Alphas Co., 72 Mass. App. Ct. at 110, our court acknowledged five factors to be considered when ruling upon a motion under rule 56 (f). They are: "authoritativeness, timeliness, good cause, utility, and materiality" (citation omitted). Id.

In support of its motion, CFP provided an affidavit from its counsel claiming that CFP was unable to respond to the motion for summary judgment unless CFP was provided with certain unredacted documents pertaining to the merger. This claim is not sufficient to establish a threshold showing that specific documents related to the merger would be relevant to CFP's claims regarding its requests to Athena and Fiduciary in June and July 2020, after the merger, to review Athena's books and records. Rule 56 (f) does not give CFP a license to "'fish' for evidence on which to base [its] complaint 'in hopes of somehow finding something helpful to [its] case in the course of the discovery procedure'" (citation omitted). Alphas Co., 72 Mass. App. Ct. at 114. The second motion judge carefully considered all five factors enunciated in Alphas Co., supra at 110, and there was no abuse of discretion.

We next turn to the granting of the defendants' motion for summary judgment. We review the allowance of a motion for summary judgment de novo and from the same record as the motion

judge.  Meyer v. Veolia Energy N. Am., 482 Mass. 208, 211 (2019).  In order to prevail on a motion for summary judgment, the moving party must establish that there are no genuine issues of material fact.  Mass. R. Civ. P. 56 (c).  If the moving party establishes that the opposing party cannot "prov[e] an essential element of that party's case," then summary judgment is appropriate.  Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 459 (1997), quoting Symmons v. O'Keeffe, 419 Mass. 288, 293 (1995).  We note at the outset that CFP did not offer any substantive arguments in opposition to the defendants' motion for summary judgment.

Under § 12.2 of the second agreement and Delaware law, a member of a limited liability company has the right to examine its books and records.  Del. Code Ann. tit. 6, § 18-305, as amended through 81 Del. Laws c. 357, § 26 (2018).

> "To inspect books and records, a member of a Delaware LLC, like a stockholder of a Delaware corporation, must first establish by a preponderance of the evidence the existence of a proper purpose for inspection.  A proper purpose is one that is reasonably related to such person's interest as a member" (quotation and citation omitted).

Sanders v. Ohmite Holding, LLC, 17 A.3d 1186, 1193 (Del. Ch. 2011).  The second motion judge granted summary judgment in favor of the defendants on CFP's remaining claims, reasoning that the undisputed facts established that, at the time of the inspection request, CFP was not a member of Athena, and the

10

plain language of the statute provided inspection rights only to current members and there was no support in the case law to suggest that former members had residual rights to inspect. Contrast id. at 1193-1194 (current member's request to inspect books and records, some predating membership, permissible on showing of proper purpose).

Here, it is undisputed that as of March 2, 2020, CFP was no longer a member of Athena due to the merger. Neither the case law nor the second agreement supports CFP's position that, once the merger resulted in the extinguishment of its membership, CFP continued to have a right to inspect Athena's books and corporate records. The language in the second agreement is unequivocal when it comes to the request for the inspection of books and records. The right to inspect is limited to members and nowhere in the forty-two page second agreement does it extend for former members. It is undisputed that as of March 2, 2020, CFP did not own any interest in Athena. Therefore CFP's demand to inspect Athena's books and records in June and July

was without any teeth.  CFP had no right to this information.

<u>Judgment affirmed</u>.

By the Court (Vuono, Grant & Walsh, JJ.[9]),

*Joseph F. Stanton*

Clerk

Entered:  April 27, 2023.

---

[9] The panelists are listed in order of seniority.