NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1298

IN THE MATTER OF THE ESTATE OF GEORGE A. MAGLIONE, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The petitioner (objector) appeals from a decree and order of formal probate entered by the Probate and Family Court in August 2023.  On appeal, the objector argues that the judge erred by concluding that she did not have standing and by allowing the personal representatives' motion to strike.  We affirm.

Background.  In September 2015, George A. Maglione, Jr. (decedent) duly executed his last will and testament (2015 will).  The decedent had no biological children; he was survived by two siblings, his siblings' children, and several first cousins.  One of his cousins is the mother of the objector; accordingly, the objector is the decedent's first cousin once removed.  The 2015 will makes specific bequests of property to a friend and a residue disposition to the trustee of the

decedent's trust. Notably, the 2015 will does not name or bequeath property to the objector.

Following the decedent's death in January 2023, the personal representatives of his estate filed a petition to probate the 2015 will. Because the original will could not be located,[1] they sought the admittance of a copy of the 2015 will.

The objector filed an objection to the admittance of a copy of the 2015 will. She asserted that it did not "reflect the intentions of the decedent as of the time of his passing" and claimed that the decedent intended "to have [the objector] inherit his property." The objector argued "that there will be, if discovery is permitted, sufficient writings from the decedent to establish that he either executed a new will in the form of a holographic will or perhaps a codicil." For example, she asserted that discovery "should show [documents, text messages, and e-mail messages] that[] support[] each of [her] claims." In support, she proffered two affidavits from the decedent's friends who testified that the decedent wanted all of his property to go to the objector. The representatives moved to strike the objector's filings and supporting affidavits.

---

[1] The personal representatives filed an affidavit of diligent search conducted by the decedent's attorney. The attorney also confirmed that the decedent received the original 2015 will and that he had no knowledge of revocation of the will or the execution of a subsequent will.

2

A Probate and Family Court judge allowed the motion to strike, thereby probating a copy of the 2015 will and denying the objector's request for discovery. The judge explained:

> "The [o]bjector would not receive if the [2015 will] were set aside and has not proffered a will under which she would take. She does not have a[n] interest in estate if it proceeds intestate. Therefore, [the objector] has no standing. This [c]ourt is not inclined to entertain theories concerning an oral will without appropriate formalities or the exigencies of military service."

This appeal followed.

Discussion. 1. Standing. We begin with the objector's assertion that she has standing to file objections in the decedent's probate matter.

To establish standing, the objector "must show that they have a definite interest in the matter being litigated such that their rights will be significantly affected by a resolution of the contested point" (quotations and citation omitted). Caputo v. Moulton, 102 Mass. App. Ct. 251, 258 (2023). "The burden is upon [the objector] to prove by a fair preponderance of evidence that [s]he had a right to contest the will." Finer v. Steuer, 255 Mass. 611, 617 (1926). Standing is a question of law and thus, "our review is de novo." Caputo, supra at 253. In the probate context, a challenge to the allowance of a will "may be commenced by an interested person." Matter of the Estate of Birkenfeld, 103 Mass. App. Ct. 628, 632 (2023), quoting G. L. c. 190B, § 3-401. An "'[i]nterested person,' includes heirs,

3

devisees, children, spouses, creditors, beneficiaries, and any others having a property right in or claims against a trust estate or the estate of a decedent, ward, or protected person." G. L. c. 190B, § 1-201.

The objector further claims that she is an "interested person" -- and thus, has standing to challenge the decedent's will -- because she has "a property right in or claims against a trust estate or the estate of a decedent."[2]  Specifically, she asserts that, in 2022, the decedent added her as a signatory to his safety deposit box and bank account and introduced her to his lawyers, accountants, and property managers "as the person who would succeed him."  She also claims that the decedent gave her the key to his house and New Hampshire property, along with the combination to access his filing cabinet and garage.[3]

The 2015 will lacks any mention of the objector.  Had the 2015 will bequeathed property to her, then she would be an

---

[2] The objector does not make any claim that she is the decedent's heir, child, spouse, creditor, or beneficiary.

[3] For the first time on appeal, the objector asserts that she had standing by virtue of the fact that the safety deposit box contained the titles and deeds to the decedent's properties and accounts.  Before the Probate the Family Court, the objector claimed that she had standing because the decedent added her to his bank account and safety deposit box.  Accordingly, we address only her claim that standing was conferred upon her by the decedent's adding her as a signatory to the bank account and safety deposit box.  See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006) ("An issue not raised or argued below may not be argued for the first time on appeal" [citation omitted]).

4

"interested person" by virtue of "having a property right in or claims against" the decedent's estate. G. L. c. 190B, § 1-201. However, the record is devoid of documentary evidence that the decedent modified his will to include the objector.[4] As such, her rights will not be affected by resolution of the issue posed to the Probate and Family Court, namely whether a copy of the 2015 will can be admitted to probate. See Caputo, 102 Mass. App. Ct. at 258.

We thus discern no error in the judge's conclusion that the objector does not have standing to challenge the decedent's 2015 will.

2. Discovery. The objector's argument that had she been afforded discovery, she might have been able to discover "a writing that could have been deemed a new will, or an amendment or codicil to his 2015 will" also fails. Even assuming that a continuance for such discovery is proper, see Matter of the Estate of Nevers, 100 Mass. App. Ct. 861, 868 n.5 (2022), we would review for an abuse of discretion. See Caira v. Zurich Am. Ins. Co., 91 Mass. App. Ct. 374, 384 (2017).

---

[4] In the event the 2015 will were to be distributed via intestacy, the objector would also not stand to take the decedent's property, as the decedent was survived by heirs at law, including his two surviving siblings. See G. L. c. 190B, § 2-103.

5

Where, as here, the objector's argument is based entirely on speculation, we discern no abuse.  The objector fails to allege any facts that the decedent properly executed a new will or modified the 2015 will to reflect his alleged intentions regarding her.  Contrast Alphas Co. v. Kilduff, 72 Mass. App. Ct. 104, 113 (2008) (continuance required where movant "has demonstrated that such information is probably available").  She simply insists that, if provided the opportunity for discovery, "she may have been able to find a will that [the decedent] had executed prior to the 2015 will."

3.  Attorney's fees.  The personal representatives seek an award of attorney's fees, claiming that the objector's appeal is frivolous.  See Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019).  We agree that fees and costs are appropriate in this case.  See Avery v. Steele, 414 Mass. 450, 456 (1993).  "An appeal is frivolous . . . where there can be no reasonable expectation of a reversal under well-settled law" (citation omitted).  Dacey v. Burgess, 491 Mass. 311, 319 (2023).

It would be unjust to charge the estate with attorney's fees in a situation such as this where the standing requirements were so clearly not satisfied and the discovery issues completely speculative.  Consistent with the requirements of Fabre v. Walton, 441 Mass. 9, 10-11 (2004), the estate may file a request for attorney's fees and costs, along with supporting

6

documentation, within fourteen days of the issuance of this decision.  The objector shall have fourteen days thereafter within which to respond.

<u>Order allowing motion to strike dated July 26, 2023, and decree and order of formal probate entered on August 4, 2023, affirmed</u>.

By the Court (Blake, C.J., Ditkoff & D'Angelo, JJ.[5]),

Clerk

Entered:  December 4, 2024.

---

[5] The panelists are listed in order of seniority.