WALTER ROBINSON *vs.* CONTRIBUTORY RETIREMENT APPEAL BOARD & another.[1]
No. 03-P-942. January 7, 2005. *Public Employment,* Accidental disability retirement, Police, Misconduct. *Moot Question. Practice, Civil,* Moot case.

Walter Robinson, a former Boston police officer, appeals from the denial of his application for accidental disability retirement benefits. For the reasons set out below, we vacate the judgment on the ground of mootness.

*Background.* Robinson joined the Boston police department (department) in 1970. He became a detective four years later. Over the ensuing years, he was involved in a number of high-profile, violent confrontations with suspects and convicted felons.

In April, 1995, Robinson told his superiors that he was no longer able to work because of severe emotional distress brought on by the stress of his work. After Robinson tendered his resignation, his superiors urged him to seek professional help. He agreed and was allowed to withdraw his resignation.

Placed on injured-on-duty status, Robinson began attending weekly psychotherapy sessions with Dr. John Greene, a clinical psychologist. During his medical leave, Robinson was diagnosed with posttraumatic stress disorder (PTSD).

In November, 1995, Robinson began the process of applying for accidental disability retirement benefits under G. L. c. 32, § 7(1). In his application, Robinson claimed that "[t]he constant exposure to the hazards and stress of police work" caused his PTSD. According to Robinson, the series of traumatic events occurred between 1972 and 1993. Dr. Greene supported Robinson's application. On May 14, 1996, a regional medical panel certified that Robinson was permanently disabled due to the work-related PTSD.

The next step was an evidentiary hearing held on August 20, 1996, where a hearing officer appointed by the Boston Retirement Board (board) determined that Robinson had failed to prove that he was permanently disabled due to work-related PTSD. See § 7(1). The hearing officer recommended that Robinson's application for accidental disability retirement benefits be denied. When the board met, it rejected the recommendation of the hearing officer without explanation.

The board then submitted Robinson's application to the Public Employee Retirement Administration Commission (PERAC) for final approval as required by G. L. c. 32, § 21(1)(*d*). On January 7, 1997, PERAC remanded the matter to the board, citing Robinson's potential noncompliance with the notice provisions of § 7(1), the lack of incident reports supporting the application, and the board's failure to articulate its reasons for rejecting the ultimate conclusion of its hearing officer.

[1] Public Employee Retirement Administration Commission.

An accidental disability retirement may not be allowed under G. L. c. 32, § 7(1), unless the applicant's injury was sustained within two years prior to the filing of the application. See *Sugrue* v. *Contributory Retirement Appeal Bd.*, 45 Mass. App. Ct. 1, 4-5 (1998). Here, as PERAC noted, most, if not all, of the stressful incidents forming the basis of Robinson's application occurred more than two years prior to November, 1995, when Robinson began the application process.

*Indictments against Robinson.* In early January, 1997, a Federal grand jury returned a multicount indictment against Robinson and his former partner, charging them with violating laws applicable to their offices and positions, including misappropriating cash and narcotics seized in the execution of duly obtained search warrants. They were also charged with extortion and conspiracy.

The indictments did not, however, end activity related to Robinson's application for accidental disability retirement benefits. The board resubmitted Robinson's application to PERAC, noting that the department had not alleged that Robinson had engaged in any misconduct, and that Robinson was entitled to the presumption of innocence. The board further noted that it was aware of its duties under G. L. c. 32, § 15, governing dereliction of duty by members, and promised to revisit the matter if Robinson were convicted of the crimes for which he had been indicted.

These communications continued back and forth: PERAC remanded the matter for a second time to the board, the board submitted Robinson's application for a third time, PERAC again remanded the matter for further proceedings, and Robinson appealed the remand order to the Contributory Retirement Appeal Board (CRAB), pursuant to G. L. c. 32, § 16(4). On March 4 and March 30, 1998, hearings on the matter were held before an administrative magistrate of the Division of Administrative Law Appeals.

While that appeal was pending, Robinson pleaded guilty to three counts of the indictment, admitting that between February, 1990, and April, 1996, he had conspired with his partner to (1) embezzle, steal, or obtain by fraud or otherwise without authority in excess of $200,000 that was under the care and custody of the department; and (2) violate the civil rights of several inhabitants of Massachusetts. He also admitted that he failed to report the illegal income he stole on his 1992 tax return.

A judge of the United States District Court for the District of Massachusetts sentenced Robinson to serve thirty-six months in prison, fined him $7,500, and ordered him to make restitution of $100,000 to twenty individual victims and to the department. These guilty pleas were the equivalent of final convictions and automatically triggered the pension forfeiture statute. See G. L. c. 32, § 15(4); *MacLean* v. *State Bd. of Retirement*, 432 Mass. 339, 342-344 (2000). Accordingly, CRAB denied Robinson's application for benefits.

*The current action.* Robinson commenced this action in November, 1998, claiming error in the denial of his application. A Superior Court judge granted CRAB's motion for judgment on the pleadings. Robinson now seeks an order remanding the matter to the administrative magistrate for a determination of medical eligibility under § 7(1). By Robinson's own admission, however, even if he could prove the essential elements of a § 7(1) claim, he would not be entitled to collect the benefits, pursuant to G. L. c. 32, § 15(4). Any

determination of medical eligibility under § 7(1) therefore would be purely academic. As matters stand, moreover, a remand would be an exercise in futility. Compare *Maher* v. *General Motors Corp.*, 370 Mass. 231, 235 (1976); *Home Gas Corp. of Mass.* v. *Walter's of Hadley, Inc.*, 403 Mass. 772, 778 (1989). In these circumstances, the application of the mootness doctrine is warranted. See *Blake* v. *Massachusetts Parole Bd.*, 369 Mass. 701, 703-707 (1976); *International Marathons, Inc.* v. *Attorney Gen.*, 392 Mass. 376, 380-381 (1984); *Matter of Sturtz*, 410 Mass. 58, 59-60 (1991).

While conceding that he is barred from collecting benefits due to his convictions, Robinson claims that a determination of medical eligibility under § 7(1) has "independent" and "substantive legal value" because he may be pardoned at some future point, removing his automatic disqualification under § 15(4).

However, on this record, Robinson has shown no likelihood of a change in his status as a convicted felon. Absent such a showing, his supposition about future events is inadequate to infuse life into an otherwise dead dispute. See *Building Commr. of Cambridge* v. *Building Code Appeals Bd.*, 34 Mass. App. Ct. 696, 699 (1993).

Should such an unlikely event occur on some future date, Robinson is not without a remedy. See *Malone* v. *Civil Serv. Commn.*, 38 Mass. App. Ct. 147, 152 (1995). Robinson insists that he must have a hearing now to preserve the evidence relating to his medical eligibility. As to that point, we note that during the course of these protracted proceedings, Robinson had several opportunities, including at least two evidentiary hearings, to present any evidence he deemed relevant, including evidence necessary to prove his eligibility under § 7(1). Robinson is not "irremediably" prejudiced by the failure to hold another hearing now.

*Conclusion.* The corrected judgment of the Superior Court allowing CRAB's motion for judgment on the pleadings is vacated, not on the merits but because the case is moot. A new judgment is to enter dismissing the complaint.

*So ordered.*

*Paul T. Hynes* for the plaintiff.

*Christopher O. Quaye*, Assistant Attorney General, for the defendants.