The plaintiffs, Joseph R. and Patricia A. White, appeal from a Superior Court judgment allowing the defendants' motion for summary judgment on count I of the plaintiffs' verified complaint.[4] Concluding that the governing documents of the Ridge Club Community Association (association) allow an amendment to its master declaration (declaration) to be approved by written consent from three-fourths of its members (if also approved by the declarant and three-fifths of the association board), we affirm.
1. Standard of review. "We review a grant of summary judgment de novo." Deutsche Bank Natl. Trust Co. v. Fitchburg Capital, LLC, 471 Mass. 248, 252-253 (2015). On appeal, the issue is "whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law." Molina v. State Garden, Inc., 88 Mass. App. Ct. 173, 177 (2015), quoting from Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).
2. Contract interpretation. The declaration of the association, with its articles of organization and by-laws, is a contract among its members and the corporation. See Brigade Leveraged Capital Structures Fund Ltd. v. PIMCO Income Strategy Fund, 466 Mass. 368, 373-374 (2013) (Brigade ). Its construction is a question of law, Balles v. Babcock Power Inc., 476 Mass. 565, 571 (2017), and is interpreted "according to traditional principles of contract law." Brigade, supra at 374, citing General Convention of New Jerusalem in the U.S. of America, Inc. v. MacKenzie, 449 Mass. 832, 835 (2007) (MacKenzie ). "The words of a contract must be considered in the context of the entire contract rather than in isolation," and "[w]hen the words of a contract are clear, they must be construed in their usual and ordinary sense." Brigade, supra, quoting from MacKenzie, supra. Similarly, "every word is to be given force so far as practicable," Beninati v. Borghi, 90 Mass. App. Ct. 556, 563 (2016), quoting from MacDonald v. Hawker, 11 Mass. App. Ct. 869, 872-873 (1981), to avoid rendering any "part useless or inexplicable." First Specialty Ins. Corp. v. Pilgrim Ins. Co., 83 Mass. App. Ct. 812, 819 (2013), quoting from Worcester Mut. Ins. Co. v. Marnell, 398 Mass. 240, 245 (1986).
Reading the declaration and the by-laws together in this case, §§ 3.10 and 3.11 of the by-laws cannot apply in the context of an amendment to the declaration without rendering part of § 6.01(A) of the declaration meaningless. The by-laws require only a simple majority vote of those present for actions at a meeting, while demanding unanimous approval in writing for actions taken without a meeting. Section 6.01(A) of the declaration, however, requires three-fourths approval by the membership to amend the declaration-whether by vote or by written consent. Requiring unanimous approval in writing, by applying § 3.11 of the by-laws outside its normal context, to amend the declaration without a meeting thereby disregards the plainly-provided procedure in § 6.01(A) of the declaration. Such an interpretation would render the by-laws inconsistent with the declaration in violation of § 4.01 of the declaration.[5]
In contrast, our interpretation does not make the by-law provisions meaningless. Construing § 6.01(A) to permit the three-fourths written consent process explicitly laid out there leaves §§ 3.10 and 3.11 of the by-laws to govern the use of the authority placed in the association to, inter alia, operate the common areas, pay taxes, provide services to the community, and obtain insurance. It is also the most practical construction, given that convening a meeting at which three-fourths of the membership was present or obtaining the affirmative written consent of every member in the association would be rather difficult. Cf. Trustees of the Cambridge Point Condominium Trust v. Cambridge Point, LLC, 478 Mass. 697, 703 (2018) (by-law requirements that made suit against developers "effectively impossible" violated public policy).
The motion judge, therefore, properly interpreted the declaration and the by-laws, and allowed summary judgment in favor of the defendants on count I. To the extent the association otherwise failed to comply with the declaration and the by-laws in conducting the process, such issues were rendered moot by the amendment's failure. See Aquacultural Research Corp. v. Austin, 88 Mass. App. Ct. 631, 634 (2015) (litigation concerning challenged certificate, made inoperative by subsequent decision that precluded alleged harm, would require adjudication of hypothetical dispute; litigation was therefore moot). We accordingly do not address them.
Judgment affirmed.

The judge ordered the entry of judgment for the plaintiffs on the other counts of the complaint. The defendants have not cross-appealed.

Under the plaintiffs' argument, § 3.10 of the by-laws would similarly apply to the amendment process, but this would negate the supermajority requirement of § 6.01(A) of the declaration. Section 3.10 requires a simple majority to act on a vote "except where a different vote is required by law, the Articles of Organization, or these By-laws" (emphasis supplied). Section 3.10 provides no exception for where a different vote is required by the declaration, thus demonstrating that the drafters intended the procedures set forth in the declaration to control the amendment process.