MILKEY, J.
*500 The defendant challenges an order by a Boston Municipal Court judge requiring that certain sealed criminal records be "unsealed." For the reasons that follow, we vacate the order and remand for further proceedings consistent with this opinion.
Background. In March 1997, the defendant and his then-roommate apparently got into an altercation, and in April of that year they each pursued criminal charges against the other in the Boston Municipal Court. The charges against the defendant were dismissed. Almost two decades later, the defendant applied to the Board of Registration in Medicine (board) for a medical license. On his application, the defendant disclosed four sets of *501 criminal charges he previously had faced, but he did not mention the charges stemming from the roommate incident (April 1997 charges). The board issued the defendant a medical license notwithstanding the prior charges he had disclosed. However, when the board subsequently learned of the April 1997 charges -- which had not yet been sealed -- it commenced an investigation into whether the defendant's failure to disclose them on his application warranted enforcement.[3] *95 Representing himself, in November 2015, the defendant filed a motion on the closed criminal docket requesting that the April 1997 charges be sealed for "good cause" pursuant to G. L. c. 276, § 100C. After a pro forma hearing in which an unidentified representative of the Commonwealth stated that he or she had no objection to the sealing,[4] a Boston Municipal Court judge allowed the defendant's request and ordered the records of the April 1997 charges sealed. The defendant subsequently separately requested that the records be sealed by the Commissioner of Probation (Commissioner) pursuant to the automatic sealing procedures of G. L. c. 276, § 100A.[5] Because the April 1997 charges met the qualifying criteria set forth in § 100A, the Commissioner allowed the sealing of the records pursuant to that section. As the board acknowledges in its brief, "[t]he Commissioner is required to seal the criminal records automatically under G. L. c. 276, § 100A [,] if the individual meets the objective statutory requirements."
The board eventually learned that the April 1997 charges had been sealed, and it concluded that this potentially could interfere with its enforcement efforts. Accordingly, it decided to request that the records be "unsealed" on the grounds that the defendant had not disclosed the pendency of the board's investigation when he had asked the judge to seal them pursuant to § 100C. The board did not file an original action against the District Court or the Commissioner seeking such relief. Instead, without moving to intervene, the board simply filed a motion to that effect on the *502 closed criminal docket. There is no indication in the record that the board notified the Attorney General, the District Attorney, or the Commissioner that it was taking such action. The defendant, now represented by counsel, opposed the board's motion, arguing that: (1) there is no procedure through which the board -- a third party to the sealing process -- can request that sealed records be unsealed, (2) in any event, the records independently were sealed pursuant to the automatic provision in § 100A, and (3) the sealing of the April 1997 charges in fact would not impede the board's ability to use them in any enforcement proceeding.[6] Nevertheless, the judge allowed the board's motion and issued an order that on its face appears to order that the records of the April 1997 charges be unsealed. *96 Discussion. Sections 100A and 100C set forth independent paths through which a defendant may seek to have criminal records sealed. See Commonwealth v. Pon, 469 Mass. 296, 298-306, 14 N.E.3d 182 (2014) (distinguishing automatic sealing provisions of § 100A from discretionary sealing provisions of § 100C ). Where, as here, the charges at issue meet the criteria of § 100A, a defendant is entitled to have the records sealed and need pursue only ministerial approval from the Commissioner.[7] The judge had no authority to override the terms of the statute providing for such automatic sealing. Assuming arguendo that the judge retained authority to reconsider his earlier decision to have the charges *503 sealed pursuant to § 100C, whether he should do so was no longer of any consequence once the charges independently had been sealed pursuant to § 100A. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 298-299, 14 N.E.3d 182 (subsequent sealing of records pursuant to § 100A rendered moot question as to whether judge should have sealed them pursuant to § 100C ). Because the Commissioner already had sealed the April 1997 charges pursuant to § 100A by the time the board filed its motion, that motion was moot from its inception. Accordingly, we vacate the order allowing it. See generally Aquacultural Research Corp. v. Austin, 88 Mass. App. Ct. 631, 634-635, 41 N.E.3d 318 (2015).[8] In addition, so that there be no confusion, this order shall serve as notice to the Boston Municipal Court clerk of his obligation to seal the court's own records regarding the April 1997 charges.
Conclusion. We vacate the order from which the appeal was taken, not based on the merits, but because the motion was moot. We remand to the Boston Municipal Court with instructions to vacate the order and for the clerk to seal the court's records regarding the April 1997 charges. See Stokes v. Superintendent, Mass. Correctional Inst., Walpole, 389 Mass. 883, 887, 452 N.E.2d 1123 (1983).
So ordered.

The defendant disclosed to the board another dismissed charge that had not been included in his license application, this one stemming from his missing jury duty. Those charges were sealed by a judge of the Chelsea District Court. They remain sealed and are not at issue in the current appeal.

It is not clear whether this person was an assistant district attorney or someone from the Department of Probation.

The defendant represents, without contradiction by the board, that he sought administrative sealing pursuant to § 100A, because -- even though the judge had ordered that the charges be sealed pursuant to § 100C -- the records in fact remained publicly available.

Because the board has a copy of the sealed records in its possession, the open question is the extent to which the board can use the records in its enforcement proceeding. The defendant's position is that, so long as the board did not "publish[ ]" the sealed charges, it otherwise could reference and rely on them. In the appeal before us, the defendant moved to supplement the appellate record by including documents that substantiated his claim that he consistently has taken that position (thereby rebutting insinuations by the board that he was pursuing sealing in order to interfere with its enforcement). Because those documents were not before the judge, the defendant's motion is denied. In resolving this case, we are not relying on the defendant's representations that the board could use the April 1997 charges in any enforcement proceedings. Nor are we reaching the board's claim that it qualifies as one of the "criminal justice agencies" authorized to use sealed criminal records pursuant to G. L. c. 276, § 100D. Finally, we do not address when, if ever, parties other than "criminal justice agencies" could gain access to sealed criminal records. Instead, we leave to another day resolution of any such issues.

The statute states that when an individual qualifies for sealing pursuant to § 100A, which requires meeting five criteria -- including, for example, that a specified amount of time has passed since the last court appearance and court disposition records -- the Commissioner "shall" seal the records. G. L. c. 276, § 100A.

In Aquacultural Research Corp., we addressed what relief is appropriate when a case becomes moot on appeal. Similar principles apply in an appeal of a case that became moot prior to entry of judgment. See, e.g., Beattie v. United States, 949 F.2d 1092, 1093-1094 (10th Cir. 1991).