NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

19-P-1792

THE BANK OF NEW YORK MELLON[1]

vs.

LEE R. HENRICKSON & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This matter is before the court on the defendants' appeal from an order dismissing their appeal from a summary process judgment.[3] The appeal had been dismissed when the defendant/appellants failed to pay the appeal bond of $45,000 as

---

[1] As successor trustee for JPMorgan Chase Bank, N.A., as Trustee for Novastar Mortgage Funding Trust, Series 2005-3 Novastar Home Equity Loan Asset-Backed Certificates, Series 2005-3.

[2] Gale Lutz. As is our custom, we take the parties' names as they appear on the complaint.

[3] The order also denied, as untimely, the defendants' Motion to Reconsider as to Voidness and Lack of Subject Matter Jurisdiction. The issue of subject matter jurisdiction can be raised at any time, however, see ROPT Ltd. Partnership v. Katin, 431 Mass. 601, 605, 607 (2000), and the denial of the motion on the ground of untimeliness was error. As the basis for the subject matter jurisdiction argument concerned the plaintiff's standing to maintain this action, we need not address it as the issue of the plaintiff's standing is now moot.

ordered by the Housing Court, and as affirmed by a single justice of the Appeals Court pursuant to G. L. c. 239, § 5.[4]

At oral argument, counsel for the plaintiff notified the court that she believed that the plaintiff no longer owns the property at issue in this summary process action.[5] Subsequently filed status reports by the plaintiff confirmed that the plaintiff no longer owns the property, and that the new owner has commenced a separate summary process proceeding against the defendants. The court then requested that the parties show cause why the appeal should not be dismissed as moot and remanded with instructions for the judgment to be vacated under Aquacultural Research Corp. v. Austin, 88 Mass. App. Ct. 631 (2015) (Aquacultural Research). The plaintiff responded essentially indicating its agreement that the matter is moot and that the court should dismiss the appeal in accordance with the procedure set forth in Aquacultural Research. The defendants similarly requested that the appeal be dismissed in accordance with the holding in Aquacultural Research, but they asked that

_____

[4] During the pendency of this appeal, the defendants appealed from an order of the single justice denying their motion for an emergency stay of execution. That appeal was assembled, but never entered by the defendants, so it is waived and is not before us. In any event, in light of our disposition here, any such appeal would be moot.

[5] The better practice would have been to notify the court within a reasonable time of sale that the plaintiff no longer owned the property. In any event, counsel for the plaintiff was correct to notify the court at oral argument.

the remand order allow them to "separate off into their own case" their counterclaims, which had been dismissed pursuant to the parties' November 29, 2018 agreement for judgment. They also allude to potential damages arising from the plaintiff's continuation of this action after it knew the property had been sold to another.[6]

"It is the general rule that courts decide only actual controversies. We follow that rule, and normally do not decide moot cases." Boston Herald, Inc. v. Superior Court Dep't of the Trial Court, 421 Mass. 502, 504 (1995). "[L]itigation is considered moot when the party who claimed to be aggrieved ceases to have a personal stake in its outcome[,] . . . [and] a court can order no further effective relief" (quotations omitted). Branch v. Commonwealth Employment Relations Bd., 481 Mass. 810, 816-817 (2019), cert. denied, 140 S. Ct. 858 (2020). See Mullholland v. State Racing Comm'n, 295 Mass. 286, 289 (1936) (when "a decision by the court will not be applicable to existing rights, no decision will be rendered" because "[t]he questions originally involved have become moot").

Here, any claim for possession is now moot as the plaintiff no longer has any possessory interest in the property.

---

[6] We note that defendants were on notice that the plaintiff had sold the property to a third party no later than April 4, 2022, when the third party filed a summary process action against them.

3

Relatedly, as the appeal bond is predicated on the judgment for possession, which we must vacate, its propriety is moot as well.[7] Ordinarily, where a case becomes moot on appeal, we vacate the judgment below to free the parties from any potential collateral estoppel consequences of a decision for which appellate review had become unavailable. See Aquacultural Research, 88 Mass. App. Ct. at 634-635.[8] If the entire matter had become moot, we

---

[7] We note, however, that defendants' reliance on G. L. c. 261, § 27C, for the proposition that a holdover tenant does not have to show a nonfrivolous issue on appeal to waive the appeal bond is misplaced. The Supreme Judicial Court has stated unequivocally that the procedure for waiving the appeal bond required in all appeals from judgments in summary process matters, including postforeclosure cases, is governed by G. L. c. 239, § 5. See Bank of N.Y. Mellon v. King, 485 Mass. 37, 44-45 (2020). "[I]f a general statute and a specific statute cannot be reconciled, the general statute must yield to the specific statute." Rita v. Carella, 394 Mass. 822, 827 (1985), quoting Pereira v. New England LNG Co., 364 Mass. 109, 118 (1973). As a holdover possessor after the foreclosure, the defendants are tenants at sufferance. See Bank of N.Y. Mellon v. Morin, 96 Mass. App. Ct. 503, 514 (2019), citing Singh v. 207-211 Main St., LLC, 78 Mass. App. Ct. 901, 903 (2010) ("After an entry to foreclose, a mortgagor becomes a tenant at sufferance"). Even where an appeal bond is waived "a court may order the tenant to make 'use and occupancy' payments -- similar to rent -- while an appeal is pending." Adjartey v. Central Div. of the Hous. Court Dep't, 481 Mass. 830, 859 (2019), citing G. L. c. 239, § 5 (e).

[8] While the court in Home Sav. Bank of Am. FSB v. Camillo, 45 Mass. App. Ct. 910, 912 (1998), and a companion case released that same day, Tamber v. Desrochers, 45 Mass. App. Ct. 234 (1998), addressed the merits of the appeal bond issue, it presumably did so as a matter of discretion. See Lynn v. Murrell, 489 Mass. 579, 583 (2022) (mootness is a factor that affects the court's discretion, not its power). No party has requested that we reach the underlying issues here. In any event, we decline to do so as a matter of discretion.

4

would also ordinarily direct the dismissal of the underlying action, not on the merits, but because it had become moot.  See Reilly v. School Comm. of Boston, 362 Mass. 689, 696 (1972).

Here, the plaintiff has argued for the dismissal of the underlying action as moot and has not sought a remand.  In contrast, the defendants have requested that the matter be remanded so that they can pursue their counterclaims.  However, the settlement agreement included a provision agreeing to the dismissal of the defendants' counterclaims.  The agreement was signed by Lutz and by counsel, albeit on a line that was labelled for "defendant's counsel" in the singular.  In his Reply Brief, Henrickson raised for the first time an argument that he could not be bound because he did not sign the agreement himself.  The issue of his lack of signature, however, has been waived.[9]  Accordingly, as to this plaintiff, the argument that the lack of signature means that Henrickson did not agree to dismiss his counterclaims is without merit and no remand is required.  See Thibbitts v. Crowley, 405 Mass. 222, 226-227

_____

[9] Henrickson did not raise the issue of his lack of signature on the settlement agreement below.  The argument is therefore waived.  See Wells Fargo Bank, Nat'l Ass'n v. Mondi, 98 Mass. App. Ct. 280, 287 (2020).  He also did not raise the issue on appeal in his primary brief.  Accordingly, it was waived on appeal as well.  See Spinosa v. Tufts, 98 Mass. App. Ct. 1, 16 (2020) (issue not addressed in principal brief, but raised for first time in a reply brief is waived and need not be addressed).

(1989) (enforcing a settlement agreement entered as consent judgment: "We are aware of no sound theory upon which it can be held that the court has jurisdiction to modify the terms of a valid existing contract which arose solely through the voluntary act of the parties" [quotation omitted]). See also Maher v. General Motors Corp., 370 Mass. 231, 235 (1976) (court declined to "engage in the futile exercise of remanding the case for a new trial in which the plaintiff could not prevail"); Nexum Dev. Corp. v. Planning Bd. of Framingham, 79 Mass. App. Ct. 117, 119-120 (2011) (remand would be "futile and wasteful . . . [where] [n]o legally permissible action by the [court] could change its decision[]").

Accordingly, we vacate the judgment, the appeal bond order, and the order denying the motion for reconsideration. The matter is remanded to the Housing Court with the direction that the summary process action be dismissed, not on the merits, but

because it has become moot.[10]

      <u>So ordered</u>.

      By the Court (Rubin, Henry & Walsh, JJ.[11]),

*Joseph F. Stanton*

      Clerk

Entered:  February 17, 2023.

---

[10] As noted, this disposition frees the parties from any potential collateral estoppel consequences with respect to any claims or counterclaims.  See <u>Reilly</u>, 362 Mass. at 696; <u>Aquacultural Research</u>, 88 Mass. App. Ct. at 634-635.

[11] The panelists are listed in order of seniority.