NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-899

FANNIE MAE[1] & another[2]

vs.

ANTHONY MICHAEL BRANCH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant homeowner, Anthony Michael Branch, appeals from a final judgment entered by a Housing Court judge granting Fannie Mae, also known as Federal National Mortgage Association (FNMA), possession and dismissing the homeowner's counterclaims against FNMA.[3] We conclude that FNMA's judgment for possession is moot because it no longer has a possessory interest in the property and that the homeowner's appeal of the allowance of Roberto Pina Cardoso's motion to intervene is moot because Cardoso never obtained judgment for possession. We further conclude that, on the homeowner's counterclaims, he failed to raise a genuine issue of material fact concerning whether

---

[1] Also known as Federal National Mortgage Association.
[2] Roberto Pina Cardoso, intervener-appellee.
[3] FNMA was also awarded damages.

Pentagon Federal Credit Union (bank) agreed not to foreclose on the property. Accordingly, we vacate FNMA's judgment for possession as moot and remand the matter for entry of a new judgment dismissing the plaintiff's complaint and the homeowner's counterclaims.

1. Background. In April 2009, the homeowner obtained a mortgage loan from the bank in the amount of $103,050 on a home in Brockton (the property). In mid-2012, the homeowner defaulted. Between February 2013 and June 2014, the bank sent the homeowner three separate notices informing him that he was in default and had a right to cure the default.[4] After the homeowner failed to cure the default, the bank proceeded to schedule a foreclosure sale.

On January 7, 2016, the homeowner filed for bankruptcy under Chapter 7 of the Federal Bankruptcy Code, causing the bank to cancel its already scheduled foreclosure sale. In May 2016, the bankruptcy trustee agreed to abandon the property so that the homeowner could sell it to avoid foreclosure. When the homeowner failed promptly to retain a broker to sell or list the property (apparently because of a pending divorce), the bank sent the homeowner a letter notifying him of the bank's intent to foreclose by sale on September 14, 2016.

---

[4] The parties dispute whether these notices complied with the mortgage and State law requirements.

2

On September 2, 2016, the homeowner requested that the bank postpone the scheduled foreclosure sale so that he could attempt to sell the property. The bank denied the request because it "came in less than 15 days prior to the scheduled sale date." A week before the scheduled foreclosure sale, the homeowner informed the bank that he had received an offer to purchase the property for $150,000. The bank, however, quickly rejected the offer because it was "less than the payoff amount required to release the lien." At the foreclosure sale, the bank was the highest bidder and purchased the property for $155,918.59.

On October 12, 2016, the bank assigned its bid to FNMA. On June 5, 2017, FNMA served the homeowner with a summary process summons and complaint. The homeowner answered raising several counterclaims. On November 24, 2017, FNMA moved for partial summary judgment on its claim for possession and on the homeowner's counterclaims. In response, the homeowner filed an opposition and a supporting affidavit, as well as an affidavit requesting additional discovery pursuant to Mass. R. Civ. P. 56 (f), 365 Mass. 824 (1974). After a judge (first judge) denied the homeowner's request to reopen discovery on the basis that it was untimely, the judge granted FNMA's motion for partial summary judgment on its claim for possession and dismissed the homeowner's counterclaims. The homeowner filed a

3

timely notice of appeal both at this point and after final judgment entered.

After final judgment entered, Cardoso purchased the property from FNMA.  Shortly thereafter, he filed a summary process complaint.

On September 21, 2020, a panel of this court granted Cardoso leave to file a motion to intervene or to be substituted as the plaintiff in the underlying summary process action.  On November 3, 2020, Cardoso filed a motion requesting that he be allowed "to intervene as a party Plaintiff in this action, substitute him as Plaintiff on the claim for possession, permitting him to proceed as Plaintiff in this matter going forward."  That same day, he also filed a motion requesting use and occupancy payments during the pendency of the appeal.

While these motions were pending in the Housing Court and before there was any determination as to who had a superior possessory interest in the property as between Cardoso and the homeowner, Cardoso moved to dismiss his summary process complaint.  A second judge allowed the motion, dismissed the complaint without prejudice, and transferred the homeowner's counterclaims to the civil docket.

On April 21, 2021, the same second judge allowed Cardoso to "be joined as a plaintiff in this case" (emphasis added).  The judge did not substitute Cardoso for FNMA or amend the judgment

4

to award Cardoso possession.  Rather, the judge specifically stated that the homeowner "would not be precluded from challenging the validity of the Plaintiff's title by foreclosure and consequently, Cardoso's subsequent title by conveyance from the Plaintiff."  The judge further ordered the homeowner to make use and occupancy payments to Cardoso.  The homeowner's appeal of the judgment granting FNMA possession and dismissing his counterclaims and his appeal of the order allowing Cardoso to intervene are now before us.

2.  Mootness.  "It is a 'general rule that courts decide only actual controversies . . . and normally do not decide moot cases.'"  Branch v. Commonwealth Employment Relations Bd., 481 Mass. 810, 816 (2019), cert. denied, 140 S. Ct. 858 (2020), quoting Boston Herald, Inc. v. Superior Court Dep't of the Trial Court, 421 Mass. 502, 504 (1995).  Litigation is moot "where a court can order 'no further effective relief.'"  Troila v. Department of Correction, 490 Mass. 1013, 1014 (2022), quoting Lynn v. Murrell, 489 Mass. 579, 582 (2022).  "[W]here a case becomes moot on appeal, we vacate the [judgment] appealed from with a notation that the decision is not on the merits, and remand the case to the [lower court] with directions to dismiss the [complaint]."  Aquacultural Research Corp. v. Austin, 88 Mass. App. Ct. 631, 634-635 (2015), quoting Building Comm'r of

Cambridge v. Building Code Appeals Bd., 34 Mass. App. Ct. 696, 700 (1993).

   a.  FNMA's judgment for possession.  The homeowner argues that the first judge erred in allowing FNMA's motion for partial summary judgment on its claim for possession because there was a genuine dispute of material fact as to whether it was entitled to the property.  On appeal, the homeowner seeks to reverse, whereas Cardoso seeks to affirm, FNMA's judgment for possession.

   Here, "the application of the mootness doctrine is warranted" because FNMA no longer has any possessory interest in the property.[5]  Robinson v. Contributory Retirement Appeal Bd., 62 Mass. App. Ct. 935, 936 (2005) (plaintiff's claim for medical eligibility was moot because "even if [the plaintiff] could prove the essential elements of a [G. L. c. 32,] § 7 [1] claim, he would not be entitled to collect the benefits").  After the final judgment for possession, FNMA transferred the property to Cardoso.  See Federal Nat'l Mtge. Ass'n v. Rego, 474 Mass. 329, 330 (2016) ("judge allowed Fannie Mae's motion for summary judgment 'as to possession only'").  Given that FNMA no longer has a superior possessory interest to the homeowner, FNMA's judgment for possession is moot.  See Gutierrez v. Board of

---

[5] Both before us and the Housing Court, FNMA expressed its intent to abandon the monetary judgment for use and occupancy and the judgment for possession.

6

Managers of Flagship Wharf Condominium, 100 Mass. App. Ct. 678, 689 (2022) (vacating judgment in part "not on the merits, but because the claims therein have become moot").

b. Motion to intervene. Given that Cardoso failed to obtain judgment for possession, the appeal of the allowance of his motion to intervene is moot. Cf. Reilly v. Hopedale, 102 Mass. App. Ct. 367, 382-383 (2023) ("[plaintiffs'] motion to intervene was not moot [where they] . . . sought to intervene in the Land Court suit to effectuate the Superior Court judgment"). The second judge implicitly denied Cardoso's request to be substituted as the plaintiff in the summary process action and rather merely added him as a plaintiff, specifically reserving the right of the homeowner to challenge the validity of Cardoso's title. As the judgment of possession for FNMA does not allow Cardoso to take possession and, in any event, is being vacated and dismissed, it no longer matters whether Cardoso was properly allowed to intervene.[6] Accordingly, the appeal of the order allowing intervention is moot.

---

[6] We acknowledge that the intervention also allowed Cardoso to obtain use and occupancy payments while this appeal was pending. Those orders, however, were affirmed by a single justice of this court and are not before us. Those use and occupancy payments will cease with the end of this appeal. We recognize that, under certain circumstances, a judge may order use and occupancy payments during the pendency of a summary process action. See Davis v. Comerford, 483 Mass. 164, 177-178 (2019). Any such request for use and occupancy payments, however, will be made in a new summary process action initiated by Cardoso and will not

7

3.  Dismissal of the homeowner's counterclaims.  a. Standard of review.  "We review a grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law."  LaRace v. Wells Fargo Bank, N.A., 99 Mass. App. Ct. 316, 321 (2021), quoting Pinti v. Emigrant Mtge. Co., 472 Mass. 226, 231 (2015).  "In deciding a motion for summary judgment the court may consider the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits."  Bank of N.Y. Mellon v. Morin, 96 Mass. App. Ct. 503, 506 (2019), quoting Niles v. Huntington Controls, Inc., 92 Mass. App. Ct. 15, 18 (2017).

In his opposition to FNMA's motion for partial summary judgment the homeowner raised two different counterclaims, under the theories of promissory estoppel and negligent misrepresentation, based on the bank's alleged agreement to allow the homeowner to sell the property to avoid foreclosure.[7]

---

be impacted by the propriety of the intervention order in FNMA's action.

[7] In his answer, the homeowner counterclaimed that FNMA brought the summary process action to retaliate against him for complaining of deceptive and unfair business practices during the collection and foreclosure process and that FNMA's rejection of the third-party offer to purchase the property violated G. L. c. 244, § 35C.  Because he failed to raise these counterclaims in his opposition to FNMA's motion for partial summary judgment, these claims are waived.  See Weiner v. Commerce Ins. Co., 78

8

The bank provided an affidavit stating that "[the homeowner] and his counsel agreed to immediately sell the property to avoid foreclosure." The homeowner attested that his attorney advised him that he could sell the property "once the judgment nisi was handed down" and that he "did not get [his] divorce Judgment until July 2016." The homeowner, however, provided no evidence that the bank agreed to wait later than September 2016 to foreclose on the property or that it agreed to accept "less than the full payoff" on the mortgage. See Abdulky v. Lubin & Meyer, P.C., 102 Mass. App. Ct. 441, 451 (2023), quoting Mass. R. Civ. P. 56 (e) (in opposing motion for summary judgment, "'an adverse party may not rest upon the mere allegations or denials of his pleading'; instead, the adverse party must -— 'by affidavits or as otherwise provided' under rule 56 -— 'set forth specific facts showing that there is a genuine issue for trial'"). Accordingly, the counterclaims were properly dismissed on summary judgment.[8]

_____

Mass. App. Ct. 563, 568 (2011) (issues not raised in trial court are waived). Additionally, the homeowner's counterclaims based on G. L. c. 93A violations, although raised in his opposition, were not briefed. Accordingly, these claims are not before us. See Malden Police Patrolman's Ass'n v. Malden, 92 Mass. App. Ct. 53, 62 n.11 (2017).

[8] The homeowner also claims that he was entitled to additional discovery pursuant to Mass. R. Civ. P. 56 (f). See Caira v. Zurich Am. Ins. Co., 91 Mass. App. Ct. 374, 384 (2017) ("Rule 56 [f] . . . permits a judge to grant a continuance where a nonmoving party needs to conduct discovery or to take depositions for the purpose of presenting facts in opposition to

4. <u>Conclusion</u>.  So much of the final judgment as grants FNMA possession and damages is vacated, not on the merits but because it is moot, and the matter is remanded to the Housing Court for entry of a judgment dismissing FNMA's complaint.  So much of the final judgment as dismisses the defendant's counterclaims is affirmed.  The appeal of the allowance of the motion to intervene is dismissed as moot.

<u>So ordered</u>.

By the Court (Ditkoff, Hand & D'Angelo, JJ.[9]),

*Joseph F. Stanton*

Clerk

Entered:  May 23, 2023.

---

the summary judgment motion"); <u>Coastal Orthopaedic Inst., P.C.</u> v. <u>Bongiorno</u>, 61 Mass. App. Ct. 55, 61 n.8 (2004) (party can request continuance for additional discovery by "fil[ing] an affidavit as required by Mass. R. Civ. P. 56 [f]").  The homeowner's affidavit was based on the proposition that FNMA's discovery responses were incomplete.  The homeowner, however, does not provide any argument as to why the first judge abused his discretion in determining that it was too late to raise this issue in his opposition to the motion for summary judgment, rather than in a motion to compel at the time that the homeowner received the allegedly incomplete discovery responses.  See <u>Alphas Co</u>. v. <u>Kilduff</u>, 72 Mass. App. Ct. 104, 107 (2008) (request for additional discovery reviewed for abuse of discretion).

[9] The panelists are listed in order of seniority.

10