NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-370

57 OLD ROAD TO NINE ACRE CORNER OPERATING CO., LLC[1]

vs.

RICHARD A. FRASCA, personal representative.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant Richard A. Frasca, as personal representative of the estate of his mother Mary D. Frasca, appeals from the February 13, 2023 denial of his motion to vacate a November 18, 2022 order of postjudgment real estate attachment by the Superior Court.  The attachment order sought to secure a $104,051.22 judgment with real estate owned by the estate at 426 Hanover Street, Unit 4, in Boston.  On appeal, the defendant contends that the judge erred because the Superior Court had no jurisdiction to issue the attachment order due to G. L. c. 230, § 7, which requires Probate Court permission to attach "on mesne

_____

[1] Doing business as Care One at Concord.

[2] Of the estate of Mary D. Frasca.

process" the property of a deceased person.  We need not resolve the issue because the appeal is moot.

Discussion.  "[L]itigation is considered moot when the party who claimed to be aggrieved ceases to have a personal stake in its outcome."  Lynn v. Murrell, 489 Mass. 579, 582 (2022), quoting Blake v. Massachusetts Parole Bd., 369 Mass. 701, 703 (1976).  See Lawyers' Comm. for Civ. Rights & Economic Justice v. Court Adm'r of the Trial Court, 478 Mass. 1010, 1011 (2017) (single justice properly dismissed petition as moot "as no further effective relief [could] be granted").  "Generally, an issue is moot when the parties 'would no longer be personally affected by the resulting decision.'"  Harmon v. Commissioner of Correction, 487 Mass. 470, 475 (2021), quoting Commonwealth v. Walters, 479 Mass. 277, 280 (2018).  "It is the general rule that courts decide only actual controversies."  Harmon, supra at 475, quoting Matter of Sturtz, 410 Mass. 58, 59 (1991).

Here, the defendant seeks a ruling on the validity of an attachment order which was meant to secure the plaintiff's judgment pending appeal.  But the attachment order by itself had no real effect; the record does not show, and the defendant does not assert, that a writ of attachment was ever issued as a result, let alone recorded.  Moreover, even before the defendant filed his notice of appeal concerning the attachment order, this court had affirmed the judgment, see 21-P-0535, and the Superior

2

Court had issued a writ of execution on the judgment.[3]  Because the writ of execution could have been recorded at the Registry of Deeds, thereby securing the judgment, the issuance and recording of a writ of attachment was no longer necessary and the validity of the attachment order became irrelevant.[4]

When a case becomes moot on appeal, we vacate the order, judgment, or decree appealed from with a notation that the decision is not on the merits, in order to free the parties of collateral estoppel consequences, should the same issues rearise in future litigation between the parties.  See Aquacultural Research Corp. v. Austin, 88 Mass. App. Ct. 631, 635 (2015).  We therefore vacate

---

[3] Once the judgment and the execution issued, it appears that a writ of attachment could no longer have issued "on mesne process," and thus G. L. c. 230, § 7, no longer applied in any event.  See Still Assocs., Inc. v. Porter, 24 Mass. App. Ct. 26, 30 (1987) ("'mesne process' refers to process issued before entry of final judgment").  See also Eno v. McGinn, 103 Mass. App. Ct. 662, 665 n.9 (2024).

[4] Indeed, the question of the validity of the attachment order may have been a moot point even at the time that the order issued.  In another complaint brought by the plaintiff against the defendant, the plaintiff alleged that the defendant fraudulently diverted estate property to avoid settlement obligations.  See 57 Old Road to Nine Acre Corner Operating Company, LLC vs. Richard Frasca, as Personal Representative of the Estate of Mary D. Frasca, and Richard Frasca as Trustee of the Mary D. Frasca 1993 Trust, Suffolk Superior Civil Action No. 2384CV02537C.  In connection with that litigation, the plaintiff obtained a pre-judgment attachment on the trust property in the amount of $104,051.22.  See Jarosz v. Palmer, 436 Mass. 526, 530 (2002) (court may take judicial notice of records in related case).

3

the Superior Court's November 18, 2022, attachment order, not on the merits but because it is moot.

So ordered.

By the Court (Sacks, Singh & Walsh, JJ.[5]),

Clerk

Entered:  August 14, 2024.

---

[5] The panelists are listed in order of seniority.